UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

CECIL RICHARDSON,

                Petitioner,

                                      13 Civ. 672 (WHP)

    -against-

                                      MEMORANDUM & ORDER

SUPERINTENDENT JOSEPH BELLNIER,
*et ano.*,

                Respondents.
------------------------------------X

WILLIAM H. PAULEY III, District Judge:

        Petitioner Cecil Richardson seeks a writ of habeas corpus under 28 U.S.C. § 2254 challenging his conviction for robbery in the second degree following guilty plea. On December 23, 2013, Magistrate Judge Dolinger issued a Report and Recommendation (the "Report") recommending that the writ of habeas corpus be denied and Richardson's petition be dismissed with prejudice. Richardson objected to the Report. For the following reasons, this Court adopts Magistrate Judge Dolinger's Report and dismisses Richardson's petition.

## BACKGROUND

        In August 2007, Richardson was tried before a jury in New York County, with Justice Wetzel presiding, on a charge of robbery in the first degree. On the second day of jury deliberations, one of the jurors ("Juror Three") failed to report. (Trial Tr., dated Aug. 30, 2007 ("Tr."), at 122 (available at Decl. of Paul B. Lyons, dated May 13, 2013 ("Lyons Decl."), Ex. A).) Justice Wetzel called Juror Three in an effort to persuade her to come to the courthouse. Juror Three explained to Justice Wetzel that she was in the last trimester of her pregnancy, felt ill, and did not believe she could report to the courthouse for even a few hours. She also advised

Justice Wetzel that she did not see her condition changing in the next day. (Tr. at 121–22.) Justice Wetzel found Juror Three to be "very sincere and sympathetic." (Tr. 121–22.)

Justice Wetzel reported the substance of his conversation with Juror Three to counsel and asked whether Richardson would consent to proceed with eleven jurors. Defense counsel declined. Deliberations could not be adjourned because many of the remaining jurors had travel commitments for the upcoming Labor Day weekend. Justice Wetzel concluded that he had "no alternative . . . but to declare a mistrial." (Tr. at 122.) Defense counsel objected. (Tr. at 122.)

Richardson filed an Article 78 petition in the Appellate Division, seeking to bar a retrial. He asserted that mistrial was not required by manifest necessity and that any retrial would violate the Double Jeopardy Clause. (Pet'r's Art. 78 Pet., dated Oct. 17, 2007, at ¶ 15 (available at Lyons Decl. Ex. B).) The Appellate Division denied Richardson's petition without opinion. In re Richardson v. Wetzel, 849 N.Y.S.2d 188 (1st Dep't 2008). Richardson applied for reargument and sought leave to appeal. The Appellate Division denied both applications. Richardson v. Wetzel, M-1244 Ind. No. 1425/07 (1st Dep't Apr. 22, 2008) (available at Lyons Decl. Ex. R.); Richardson v. Wetzel, 859 N.Y.S.2d 393 (2008).

In 2009, Richardson pled guilty to one count of robbery in the second degree and was sentenced to seven years of imprisonment. (Sentencing Hr'g Tr., dated Mar. 11, 2009 (available at Lyons Decl. Ex. U).) He appealed his conviction to the First Department, again challenging Justice Wetzel's declaration of a mistrial. (Pet'r's Appellate Br. at 12 (available at Lyons Decl. Ex. V).) The Appellate Division affirmed the conviction, holding the double jeopardy claim was res judicata. People v. Richardson, 925 N.Y.S.2d 825 (1st Dep't 2011). The Court of Appeals denied leave to appeal. People v. Richardson, 945 N.Y.S.2d 652 (2012).

On January 30, 2013, Richardson filed this petition seeking habeas relief on double jeopardy grounds.

## DISCUSSION

I. Standard of Review

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations" of a magistrate judge. 28 U.S.C. § 636(b)(1). This Court reviews de novo those parts of the Report to which objections are made and reviews the remainder for clear error on the face of the record. 28 U.S.C. § 636(b)(1); Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985). In addition, when a party makes only generalized or conclusory objections, or simply reiterates his original arguments, courts review a magistrate judge's report and recommendation for clear error. Barratt v. Joie, No. 96 Civ. 324 (LTS), 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002).

II. Richardson's Objections

First, Richardson objects that Magistrate Judge Dolinger misapplied the standard of review under section 2254(d)(1). Under section 2254(d)(1), an application for habeas relief from a state court judgment "shall not be granted" unless the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." Magistrate Judge Dolinger cited this standard correctly in the Report. (Report, dated Dec. 23, 2013, ECF No. 11, at 11–14.) He found that "[s]ince the standards for declaring a mistrial are defined in very general terms—that is, whether the trial court acted beyond its broad discretion—the state appellate court's affirmance is to be granted more deference." (Report at 18.) Nevertheless, Richardson argues that the breadth of the standard does not alter a federal court's responsibility under section 2254(d)(1) "to determine

3

whether [a] state court decision was contrary to, or involved in an unreasonable application of, clearly established Federal law." (Objections to Report ("Objections"), dated Jan. 26, 2014, ECF No. 14, at 2 (quotation marks and citation omitted).) But Magistrate Judge Dolinger adhered to precedent in finding a general standard admits a wider range of reasonable applications, making it more difficult for a petitioner to prove a decision was contrary to, or involved unreasonable application of, clearly established Federal law. (See Report at 23.) This Court agrees with Magistrate Judge Dolinger's conclusion of law.

Second, Richardson objects to Magistrate Judge Dolinger's high degree of deference to the trial judge's decision to declare a mistrial based on a juror's illness. Richardson argues that there is no United States Supreme Court authority supporting heightened deference in such circumstances, and the only question is whether "a manifest necessity" warranting a mistrial existed. (Objections at 3.) This argument is unpersuasive. Magistrate Judge Dolinger cited the rule of deference not as a positive description of his own analysis, but as a rejoinder to Richardson's claim that the trial judge needed to substantiate Juror Three's claim that she was ill. (Report at 20.) While some judges have sought concrete evidence of a juror's illness before declaring a mistrial, Richardson cites no United States Supreme Court authority suggesting such evidence is required. The general rule is that trial judges have wide discretion in determining whether there is "manifest necessity" for a mistrial, and they are not required "to make explicit findings . . . or articulate on the record all the factors informing [their] discretion." Renico v. Lett, 559 U.S. 766, 775 (2010).

Third, Richardson objects that "the relatively trivial and wholly unsubstantiated nature of Juror Three's complaints are undisputed facts strongly supporting Mr. Richardson's argument [for habeas relief]." (Objections at 4–5 (citation omitted).) This objection simply

4

reiterates Richardson's original argument. Reviewing the Report for clear error, this Court finds no basis for departing from Magistrate Judge Dolinger's well-reasoned and thorough analysis. While this Court was not there to gauge the severity of Juror Three's symptoms, it is hard-hearted of Richardson's counsel to suggest that complications relating to a third trimester of pregnancy should be described as "trivial."

Fourth, Richardson objects to the Report's reliance on two affidavits submitted in opposition to his Article 78 application. (Objections at 5.) Richardson argues that because the Appellate Division opinion did not explicitly rely on the affidavits, they are not part of "the relevant state court record for deciding [his] habeas claim." (Objections at 6.) But the affidavits largely repeat information summarized elsewhere in the record, and even without the affidavits, the record is sufficient to support a finding of "manifest necessity." The transcript alone shows that Justice Wetzel called Juror Three, inquired after her health, and attempted to persuade her to report for duty. (Tr. at 121.) Justice Wetzel stated on the record that he believed Juror Three was "very sincere" in responding that her infirmity would prevent her from participating in further deliberations. (Tr. at 121–22.) There is no reason to second guess Justice Wetzel's determination on the matter. The Appellate Division's rejection of Richardson's claim was not unreasonable. Any error in citing to the affidavits would be harmless.

## CONCLUSION

For the foregoing reasons, this Court adopts the thorough and well-reasoned Report in full. Cecil Richardson's habeas petition is denied. Because Richardson has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not be issued. See 28 U.S.C. § 2253(c). In addition, this Court certifies pursuant to 28 U.S.C. §

1915(a)(3) that any appeal from this order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438 (1962). The Clerk of Court is directed to mark this case closed.

DATED: June 12, 2014
         New York, New York

SO ORDERED:

                        WILLIAM H. PAULEY III
                              U.S.D.J.

*Counsel of Record:*

Katheryne M. Martone, Esq.
Legal Aid Society
Criminal Appeals Bureau
199 Water Street, 5th Floor
New York, NY 10038
*Counsel for Petitioner.*

Paul Bernard Lyons, Esq.
New York State Office of the Attorney General
120 Broadway
New York, NY 1027
*Counsel for Respondents*